1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BANK OF AMERICA NATIONAL
ASSOCIATION, et al.,

          Plaintiffs,

v.

ENRIQUE ROMERO, et al.,

          Defendants.

2:10-CV-1944 JCM (PAL)

**ORDER**

Presently before the court is plaintiff Bank of American National Association's motion to remand. (Doc. #8). The defendants have responded (doc. #11), and the plaintiff has replied (doc. #12).

Plaintiff filed the instant complaint in Las Vegas Justice Court in Clark County Nevada on September 20, 2010. (Doc. #8-1). The complaint alleged that the plaintiff was the true owner of real property located at 7138 Los Banderos Avenue, Las Vegas, Nevada 89179, and that the defendants had unlawfully remained on said property and refused to vacate. Accordingly, plaintiff requested a writ of restitution of premises. The defendants filed a counterclaim for breach of contract and a complaint for a preliminary injunction. (Doc. #1). Thereafter, defendants removed the action to federal court under the doctrine of diversity jurisdiction.

The plaintiff has filed the instant motion to remand, alleging that the complaint fails to reach the jurisdictional amount required for removal. In response, the defendants argue that the amount of damages alleged in the breach of contract counterclaim satisfies the amount in controversy

**James C. Mahan**
**U.S. District Judge**

1   requirement, making remand improper.

2        Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil

3   actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests

4   and costs, and is between citizens of different states . . . ." The "traditional" or "majority rule" is that

5   a defendant's counterclaim may not be considered in determining whether a case meets the amount

6   in controversy requirement. *Franklin v. Car Financial Serv., Inc.*, 2009 WL 3762687, *2 (S.D. Cal.

7   2009) (see cases cited therein); *see also Mesa Indus. v. Eaglebrook Prod., Inc.*, 980 F. Sup. 323, 325

8   (D. Ariz. 1997) (finding that a compulsory counterclaim could not be considered in determining the

9   amount in controversy).

10        Here, the plaintiff alleges no damages, but merely asks the court to enforce plaintiff's right

11   to possess the disputed property after the foreclosure sale. Although defendants' counterclaim

12   requests relief in excess of $75,000, the court sees no reason to depart from the nearly unanimous

13   rule that only the complaint is used in determining whether a case has met the jurisdictional amount

14   in controversy requirement for purposes of removal.

15        Accordingly,

16        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to

17   remand (doc. #8) is GRANTED.

18        DATED January 14, 2011.

19

20   _____
     **UNITED STATES DISTRICT JUDGE**

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**                                        - 2 -